[Civ. No. 44044. Second Dist., Div. Two. Feb. 25, 1975.]

MARVIN STERLING JAMES, Plaintiff and Appellant, v.
THE MUNICIPAL COURT FOR THE CAMARILLO
JUDICIAL DISTRICT OF VENTURA COUNTY,
Defendant and Respondent.

## COUNSEL

Hadden, Waldo & Malley and Joe D. Hadden for Plaintiff and Appellant.

C. Stanley Trom, District Attorney, and Nancy E. Sieh, Deputy District Attorney, for Defendant and Respondent.

## OPINION

**ROTH, P. J.**—On March 23, 1973, appellant pleaded guilty in respondent court to complaint No. P638744 charging him with a violation of Vehicle Code section 23102, subdivision (a). He was fined and placed on probation.

In July 1973, appellant was charged in complaint No. Q028182 with a violation of the same section of the Vehicle Code and with a previous conviction of the same charge. Appellant requested a jury and the matter was continued for trial.

On August 23, 1973, probation in case No. P638744 was revoked and the hearing was continued until November 21, 1973. On November 20,

1973, appellant petitioned the superior court for an alternative writ of prohibition and mandamus alleging that the March 23, 1973, conviction pursuant to complaint P638744 was unconstitutional and void and that the municipal court had refused to strike the alleged prior conviction under P638744, charged in the pending No. Q028182 complaint, as null and void. Concurrently with the filing of the petition the superior court issued an order prohibiting the municipal court from proceeding on either the probation revocation hearing, or the trial on No. Q028182 the second complaint. A hearing on the petition followed and the superior court denied appellant's petition but stayed all proceedings in P638744 pending the determination of an appeal. Appellant's appeal from the denial of said petition is now before us.

We have been provided with the docket sheet of the municipal court in P638744 and the reporter's transcript of the tape recording made at the time that appellant entered his guilty plea.[1] ■ Appellant argues that the two documents when read together do not show with the specificity required by *In re Smiley* (1967) 66 Cal.2d 606 [58 Cal.Rptr. 579, 427 P.2d 179], and *In re Birch* (1973) 10 Cal.3d 314 [110 Cal.Rptr. 212, 515 P.2d 12], that appellant was advised of his right to appointed counsel if he could not afford one and thus the guilty plea is null and void. The facts do not support appellant's contention. It should be noted at the outset that the petition at bench does not as it does in *Smiley* allege ". . . he was indigent at the time of trial, was not advised he could have an attorney appointed by the court . . . ." (*Supra* at p. 616.)

The docket sheet shows that appellant was advised of his right to counsel and specifically court-appointed counsel if indigency was proved.

The entries on the docket sheet show appellant was advised by the court of rights as follows: the right to counsel; the right to court-appointed counsel if indigency is proved; the right to release on a reasonable bail; the right to a jury trial; the time limits to which the person is entitled to a jury trial under Penal Code section 1382; the right to subpoena witnesses; the right to confront witnesses; the right to exercise the privilege against self-incrimination; and the right to have a conviction set aside after one year if probation is successfully completed. In *Birch* the docket showed only that the defendant waived the right to counsel and there was no showing he knew of his right to counsel. In

---

[1]Respondent has also attached as an exhibit to its brief a declaration of the trial judge who arraigned and took appellant's guilty plea in P638744. However, since this record was not before the superior court, this court will not consider it on appeal. (*Dryer* v. *Dryer* (1964) 231 Cal.App.2d 441 [41 Cal.Rptr. 839].)

*Birch* the court says at page 320: "The record in this case is devoid of any evidence that the court informed petitioner of his right to counsel as required by Penal Code section 987. As we have seen, absolutely nothing in the brief reporter's transcript indicates that any such advice was given . . . further, no specific notation in the clerk's docket declares the defendant was so advised."

The verbatim reporter's transcript at bench shows in relevant part:

"THE COURT: All right, Marvin Sterling James.

"The charge here is driving under the influence of intoxicating liquor.

"Are you going to have a lawyer in this case?

"THE DEFENDANT: No. I want to plead guilty.

"THE COURT: You do.

"MR. DUNHAM [deputy public defender]: It's a .22 B.A.

"THE COURT: All right. Well, you understand now, if you plead guilty, you admit the charge and you waive any right to a trial by judge and jury, and your right to produce or confront witnesses and waive any privilege against self-incrimination, and this means you can't ever contest the case.

"You don't want to have a lawyer?

"(No audible response.)

"THE COURT: All right. We'll enter a plea of guilty. Is there anything you want to say here about this?"

It is true that the reporter's transcript at bench only covers four of the items that were checked off in the itemized docket entries but to disregard other entries we must assume that clerical court duties were improperly fulfilled. The proper presumption is that an official duty has been regularly performed. (Evid. Code, § 664.) And this is especially true when all the facts available offer a complete explanation of what actually occurred.

In municipal court mass arraignments when indicated by the circumstances are properly held. Defendants as a group are advised of their constitutional rights. (See, e.g., *In re Johnson* (1965) 62 Cal.2d 325, 335 [42 Cal.Rptr. 228, 398 P.2d 420].) It is apparent from the record that such was the procedure followed in P638744. In the partial reporter's transcript it clearly appears that when the court was confronted with the fact that appellant was determined to plead guilty without benefit of counsel, the trial judge out of an abundance of caution reiterated advice in respect to appellant's right to counsel and also of some other rights. There was no necessity for the court to reiterate advice as to each right in respect of which advice had already been given. In *Johnson* the court said at page 332: "Here petitioner neither alleges nor shows that he personally failed to hear and understand Judge Erickson's statement. In the absence of such a showing we must presume, in accordance with common experience, that what is spoken with the intent of being heard by those in the speaker's presence is in fact so heard, and that what is heard is understood."

It also appears from the reporter's transcript that when appellant appeared before the court a deputy public defender was present with him and actually spoke to the court. The court twice asked appellant if he desired an attorney, and then accepted the plea.

The order is affirmed.

Fleming, J., and Compton, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied May 1, 1975.